DUCKER, JUDGE:
Dairyland Insurance Company, as subrogee of Stanford T. Allen, alleges that it is entitled to recover damages in the amount of $1151.03, the cost of repairs to the automobile of said Allen as the result of a collision with a loaded coal truck owned by one Harry M. Morehead and operated by Edward Lee Morehead on Secondary State Road No. 15/1 near that road’s intersection with State Route 102, at Skydusty, in McDowell County, West Virginia on June 22, 1972.
Claimant’s witness, State Trooper H. C. Ryan, investigated the accident after it was reported to the office. He did not see it. According to his report and testimony of James B. Jackson, a State Road employee who witnessed the accident, the collision occurred on a practically level, two lane highway, twenty feet three inches where some road work was in progress. There was no machinery on the road except a tractor which extended some 14 to 16 inches on the highway on the side of the south bound traffic lane, a short distance south of the place of the collision. There was a curve bearing to the left as one proceeded south, the direction in which Allen was proceeding, and the accident occurred a comparatively short distance north of northerly end of the curve which the truck traveling north had negotiated prior to colliding with the car. The witness’ report and his testimony confirmed the fact that both the truck and car were in the north bound lane of the road, the one in which the truck had the right of way.
The only witness who saw the accident was the said James B. Jack *175 son, who had been working with a grader filling in a hole in the road about three tenths of a mile south of the place of the accident. He testified that he had removed the grader from the road except for 14 to 16 inches of it remaining on the road, that there were caution signs at both ends of the construction area, that Allen had already passed the immediate area of construction and stopped and asked for some road directions which witness said he could not give Allen, whereupon witness called for the road flagman to come over to the south bound lane. When the flagman didn’t come, “Allen pulled across the center line” into the south bound lane and then talked to the flagman on that side of the road, the flagman then being on the south end of the construction area where there was a “men working” sign. When Allen saw the coal truck coming he tried to back over into the south bound lane but there was not enough time to avoid the collision. The witness stated that as the road had been cleared of the tractor there was no need for the flagman for traffic in the south bound lane.
The testimony given by the State Trooper, who could only report what he could see and learn after the accident, does not only refute to a substantial degree the testimony of Jackson, who saw the collision, but it substantially confirms the latter’s testimony. There was no obstruction of any consequence in the road as the grader did not extend into the road enough to create a hazard and there was no need of the flagman by Allen. There is no fact upon which negligence on the part of the respondent can be based.
We are of the opinion, therefore, that the accident was caused solely by the fault of Allen in driving over from the south bound lane of traffic to the north bound lane and stopping there too long for clearance by the coal truck, which was properly proceeding in the north bound traffic lane and consequently we make no award herein.
No award.